IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-98-44-L |
| | ) | CIV-05-217-L |
| VICTOR JOEL COOPER, SR., | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

On March 18, 1998, a federal grand jury returned a ten count indictment against defendant and Keith Lamar Orange. Defendant was charged in Counts 1, 2, and 6 with conspiring to file and filing false claims for income tax refunds with the Internal Revenue Service in violation of 18 U.S.C. §§ 286-287. Counts 7 and 9 charged defendant with using a false power of attorney form to enable another person to cash illegally obtained tax refund checks. On August 21, 1998, defendant pled guilty to Counts 2, 6, 7, and 9. Defendant was sentenced to 60 months' imprisonment on Counts 2 and 6 and 63 months' imprisonment on Counts 7 and 9, all sentences to run concurrent with each other, but consecutive to his unexpired state prison term.

Defendant timely appealed his sentence to the Court of Appeals for the Tenth Circuit, arguing that the court erred both in denying him a three-point reduction for

acceptance of responsibility and in assessing him a four-point increase for his role in the offense. On September 3, 1999, the Court of Appeals affirmed defendant's sentence in an unpublished Order and Judgment; the United States Supreme Court denied defendant's petition for writ of certiorari on January 10, 2000. United States v. Cooper, 189 F.3d 479 (10th Cir. 1999), *cert. denied*, 528 U.S. 1098 (2000).

On February 22, 2005, defendant filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He filed an Amended Petition on March 14, 2005. A prisoner may move to correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Defendant contends that his sentence was imposed in violation of the United States Supreme Court's rulings in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). In the Amended Petition, defendant also raises claims of ineffective assistance of trial and appellate counsel. These claims are based on counsel's failure to assert the claims recognized in *Blakely* and *Booker*.

This matter is governed by the recent pronouncement by the Court of Appeals for the Tenth Circuit in United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005). In *Bellamy*, the Court of Appeals held the rule announced in *Booker* does not apply

retroactively on collateral review to criminal cases that became final before January 12, 2005. <u>Bellamy</u>, 411 F.3d at 1188. Defendant's case was final on January 10, 2005, when the Supreme Court denied certiorari. As defendant's case became final more than five years before the Supreme Court's pronouncement in *Booker*, he is not entitled to relief.

The Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 427) and the Amended Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 432) are therefore DENIED. Judgment shall issue accordingly.

It is so ordered this 11th day of October, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge